Alfian Raymond **INARAY**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–72488.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Hannah B. Baublitz, Esquire, Jamie M. Dowd, Esquire, Kurt B. Larson, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Esquire, Seattle, WA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Alfian Raymond Inaray, a native and citizen of Indonesia, petitions for review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lolong v.Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Inaray did not establish past persecution or a well-founded fear of future persecution. *See Lolong,* 484 F.3d at 1181 (requiring some evidence of individualized risk of persecution). Accordingly, Inaray is not eligible for asylum.

Because Inaray cannot meet his burden to demonstrate eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Finally, substantial evidence supports the BIA's conclusion that Inaray did not establish it is more likely than not that he will be tortured if returned to Indonesia, and we uphold the denial of CAT relief. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**